IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOM MEISING and KAREN MEISING )
    Plaintiffs, )
)
v. ) Civil Action No. 07-0534
)
THE BOROUGH OF OAKMONT, )
COUNCIL, OFFICER JACK EATON )
and OFFICER JOE CATTANI, and )
ROGER DUNLAP, )
    Defendants. )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                            February //, 2008

       This is a civil rights action. Plaintiffs, Tom and Karen Meising, allege that defendants, the Borough of Oakmont, Council, Roger Dunlap, and Officers Eaton and Cattani, have deprived plaintiffs of certain constitutional rights under color of state law in violation of 42 U.S.C. § 1983. Plaintiffs seek monetary damages. Defendants have filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6), or in the alternative, for summary judgment under Fed.R.Civ.P. 56. [Doc. No. 12]. In the event the court does not dismiss the action, defendants have moved for a more definite statement. Defendants argue that plaintiffs' claims in the amended complaint lack merit and suffer from numerous deficiencies warranting dismissal, or in the alternative, a more definite statement.

In considering a Rule 12(b)(6) motion, we must be mindful that federal courts require notice pleading, as opposed to the heightened standard of fact pleading. See Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964 (2007). However, even under this lower notice pleading standard, a plaintiff must do more than recite the elements of a cause of action, and then make a blanket assertion of an entitlement to relief under it. Instead, a plaintiff must make a factual showing of entitlement to relief by alleging sufficient facts that, when taken as true, suggest the required elements of a particular legal theory. Id. at 1965. The amount of facts needed to satisfy this requirement will depend on the context of the case and the causes of action alleged. Phillips v. County of Allegheny, et al., 2008 WL 305025, at *4 (3d Cir. Feb. 5, 2008).

Therefore, when deciding a motion to dismiss under Rule 12(b)(6), we apply the following rules. The facts alleged in the complaint must be taken as true and all reasonable inferences must be drawn in favor of plaintiff. Twombly, 127 S.Ct. at 1965; Phillips, 2008 WL 305025, at *3; Rowinski v. Salomon Smith Barney Inc., 398 F.3d 294 (3d Cir. 2005). We may not dismiss a complaint merely because it appears unlikely or improbable that plaintiff can prove the facts alleged or will ultimately prevail on the merits. Twombly, 127 S.Ct. at 1965, 1969 n.8. Instead, we must ask whether the facts alleged raise a reasonable

2

expectation that discovery will reveal evidence of the necessary elements. Id. at 1965. In the end, if, in view of the facts alleged, it can be reasonably conceived that the plaintiff could, upon a trial, establish a case that would entitle them to relief, the motion to dismiss should not be granted. Id. at 1969 n.8.

It is on this standard that the court has reviewed defendants' motion. Based on the pleadings of record, the arguments of counsel and the briefs filed in support and opposition thereto, the court is persuaded that plaintiffs have alleged facts that "raise a right to relief above the speculative level on the assumption that the allegations in the complaint are true (even if doubtful in fact)." Twombly, 127 S.Ct. at 1964-65 (citations omitted).

In the alternative, defendants have moved for a more definite statement. Federal Rule of Civil Procedure 8(a)(2) "'requires only a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds on which it rests,'" Twombly, 127 S.Ct. at 1964 (citing Conley v. Gibson, 355 U.S. 41, 47 (1957)). In Conley, the Supreme Court reinforced a literal interpretation of the rule:

> [t]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

3

Conley, 355 U.S. at 47 (footnote omitted). Unless Congress has provided otherwise, notice pleading applies to all causes of action including those brought under 42 U.S.C. § 1983. Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit, 507 U.S. 163, 168-69 (1993). Upon review of the complaint as a whole, the court is satisfied that it meets the pleading requirements of Rule 8(a)(2).

Therefore, IT IS HEREBY ORDERED that defendants' motion to dismiss [Doc. No. 12] is DENIED without prejudice to defendants' right to raise these issues under Fed.R.Civ.P. 56 on a fully developed record. Defendants' motion for a more definite statement is DENIED.

BY THE COURT:

_____, J.

cc: All Counsel of Record