IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOM MEISING and KAREN MEISING,     )
                                    )
        Plaintiffs,                 )
                                    )
    v.                              )   Civil Action No. 07-0534
                                    )
THE BOROUGH OF OAKMONT,             )
COUNCIL, OFFICER JACK EATON         )
and OFFICER JOE CATTANI, and        )
ROGER DUNLAP,                       )
                                    )
        Defendants.                 )

MEMORANDUM ORDER

Gary L. Lancaster,
District Judge.                                    September 29, 2008

      This is an action in civil rights pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs, Tom and Karen Meising, allege that defendants, Borough of Oakmont Police Officers Jack Eaton and Joe Cattani,[1] unlawfully entered their private property without a warrant and otherwise without justification. Plaintiffs also allege that defendant Officer Cattani violated the Fourth Amendment by arresting plaintiff Tom Meising without probable cause. Plaintiffs also assert related state law claims of false arrest and malicious prosecution. Additionally, plaintiffs allege substantive and procedural due process violations pursuant to the Fourteenth Amendment and a retaliation claim for exercising

---

[1] Defendants the Borough of Oakmont, the Borough of Oakmont Council, and Roger Dunlap were dismissed by this Court with prejudice pursuant to a Joint Stipulation of Dismissal filed by the parties.

their First Amendment rights.

Defendants have filed a motion for summary judgment. [Doc. No. 29]. Defendants argue that plaintiffs' Fourth Amendment and state law claims lack merit and, furthermore, that defendants are entitled to qualified immunity.[2] For the reasons set forth below, defendants' motion will be granted in part and denied in part.

I. FACTUAL BACKGROUND

The following facts are undisputed, unless otherwise indicated. We construe all other facts in the light most favorable to plaintiffs, the non-moving party.

On April 28, 2006, Borough of Oakmont Police Officers Jack Eaton and Joe Cattani responded to a complaint that loud music was coming from 25 Potomac Street in Oakmont, Pennsylvania. Plaintiffs own the property located at 25 Potomac Street, however, it is not their primary residence. The property consists of a five (5) car garage and a rental cottage located beside the garage. Above the garage is a second floor room used as a playroom for plaintiffs' children. The only access to the second floor is through a stairway located inside the garage below.

According to the officers, upon arriving at the

---

[2] Defendants have not moved for summary judgment on plaintiffs' First or Fourteenth Amendment claims.

2

structure, they heard the loud music referenced in the noise complaint and an exterior door to the garage was open. They further contend that they announced their presence and knocked at the open first floor door before entering. Plaintiffs dispute that loud noise was present, that the door was open, and that the officers knocked and announced their presence. Nevertheless, it is not in dispute that the officers entered the garage through the first floor exterior door and walked up the stairway to the second floor.

When the officers reached the second floor, they found Mr. Meising and his two year old son, Jonathan. There is no indication that any doors were located on the second floor at the top of the stairs. Mr. Meising admits that he was playing the radio and that Jonathan was playing the drums, but states that they were not making excessive noise. The officers explained to Mr. Meising that they came to the structure pursuant to a noise complaint. The officers left without searching the premises or issuing Mr. Meising a citation.

A few months later, Mr. Meising was involved in an unrelated interaction with Officer Cattani. On September 21, 2006, Officer Cattani responded to a report of an altercation involving a man and a juvenile. Officer Cattani arrived at the scene after the altercation concluded and talked to the man involved, Mr. Meising. Mr. Meising described the altercation and Officer Cattani

then interviewed the juvenile involved in the incident and additional witnesses to the altercation. In his July 1, 2008 deposition, Mr. Meising admitted that he engaged in pushing and hitting during the altercation, although he stated that he acted in self-defense against the juvenile and other individuals.

On September 28, 2006, Officer Cattani completed an affidavit of probable cause for disorderly conduct and simple assault. The affidavit stated that Officer Cattani interviewed Mr. Meising, the juvenile, and other witnesses and learned that "[t]he two actors had physical contact with one another and at one point a large red mark on [the juvenile's] neck and the left side of his face was obtained from Meising." He concluded that "based on the above information I believe probable cause exist[s] to charge Mr. Meising ... ." Thereafter, based on the affidavit, a local magisterial district judge issued a complaint and Mr. Meising was arrested for simple assault and disorderly conduct. The charges were later withdrawn and the case dismissed.

Plaintiffs filed suit alleging that on April 28, 2006, defendants violated their rights under the Fourth Amendment by entering their property without a warrant.[3] Plaintiff Mr. Meising also claims that defendant Officer Cattani arrested him

---

[3] It appears that the claim of plaintiff Karen Meising is based entirely on her status as a property owner of 25 Potomac Street, Oakmont, Pennsylvania. Mrs. Meising makes no claim in relation to the alleged unlawful arrest of her husband.

4

without probable cause in violation of the Fourth Amendment. Plaintiff Mr. Meising has also brought state law claims for false arrest and malicious prosecution based on that arrest. Additionally, plaintiffs allege substantive and procedural due process violations pursuant to the Fourteenth Amendment and a retaliation claim for exercising their First Amendment rights in complaining about the April 28, 2006 entry.

Defendants have now moved for summary judgment on plaintiffs' Fourth Amendment and state law claims.

II. <u>STANDARD OF REVIEW</u>

Fed.R.Civ.P. 56(c) provides that summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

The mere existence of some factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247 (1986) (internal quotation marks omitted). Similarly, summary judgment is improper so long as the dispute over the material facts is genuine. <u>Id</u>. In determining whether the dispute is genuine, the court's function is not to weigh the evidence or to determine

the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 248-49.

To demonstrate entitlement to summary judgment, defendants, as the moving parties, are not required to refute the essential elements of the plaintiff's cause of action. Defendants need only point out the absence or insufficiency of plaintiff's evidence offered in support of those essential elements. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once that burden has been met, plaintiff must identify affirmative evidence of record that supports each essential element of his cause of action. If plaintiff fails to provide such evidence, then he is not entitled to a trial, and defendants are entitled to summary judgment as a matter of law.

It is on this standard that the court has reviewed the instant motion for summary judgment and the responses thereto. Based on the pleadings and evidence of record, and the briefs filed in support and opposition thereto, the court concludes that defendants are not entitled to summary judgment on plaintiffs' Fourth Amendment claim involving a warrantless search. Defendants are entitled to summary judgment on plaintiff's Fourth Amendment claim involving unlawful arrest and the related state law claims of false arrest and malicious prosecution.

III. DISCUSSION

   A. Warrantless Entry

Plaintiffs contend that the defendants entered their property without a warrant and without circumstances justifying the entry. Defendants contend that it was reasonable for them to enter the property to abate a noise violation, thus no Fourth Amendment violation occurred.

The warrantless entry of a person's home, whether to make an arrest or to conduct a search for specific objects, is generally prohibited by the Fourth Amendment. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990). The Court of Appeals for the Third Circuit, however, has suggested that it may be reasonable for police with a "lawful objective, unconnected to any search for the fruits and instrumentalities of criminal activity" to enter property after not receiving an answer at the door to the property in order to contact the resident about a complaint. See Estate of Smith v. Marasco, 430 F.3d 140, 157 (3d Cir. 2005) (applying the "knock and talk" exception to the warrant requirement). In addition, certain "exigent circumstances" may justify warrantless entries. Payton v. New York, 445 U.S. 573, 583-86 (1980). The Court of Appeals for the Sixth Circuit has held that a "noise assault" could qualify as an exigent circumstance. United States v. Rohrig, 98 F.3d 1506, 1518-25 (6th Cir. 1996).

No warrant authorized the entry onto plaintiffs' private

7

property here.[4]  The record is insufficient to determine on summary judgment whether it might have been reasonable for the officers to climb the steps to the second floor of the garage in order to discuss the noise complaint with Mr. Meising.  Moreover, the parties dispute whether, at the time that the officers arrived and entered plaintiffs' property, there was a noise nuisance to abate such that an exigent circumstance may have existed.  Accordingly, genuine issues of material fact remain and summary judgment is not appropriate.

For the same reasons, we also cannot decide the issue of qualified immunity at this time.  "[I]f there are factual disputes that are material to the question whether a reasonable officer in the defendant's position would have realized that his conduct violated the victim's constitutional rights, it is inappropriate to grant summary judgment."  Marasco, 430 F.3d at 148 n.3.  Because the reasonableness of the officers' conduct depends on the circumstances surrounding their entry into the garage and climbing up the steps and whether they heard loud music coming from plaintiffs' property, we cannot determine whether defendants are entitled to qualified immunity related to the April 28, 2006 incident.

---

[4] Defendants have not alleged that plaintiffs did not have a reasonable expectation of privacy in the second floor of the garage located at 25 Potomac Street, Oakmont, Pennsylvania.

8

B.  Unlawful Arrest

We next discuss whether Officer Cattani violated the Fourth Amendment when he arrested Mr. Meising for simple assault and disorderly conduct in relation to Mr. Meising's September 21, 2006 altercation with a juvenile. Mr. Meising contends that Officer Cattani had no probable cause to arrest him. Officer Cattani, however, states that he relied on the results of an investigation into the altercation.

The Fourth Amendment provides a right to be free from arrest without probable cause. Saucier v. Katz, 533 U.S. 194, 207-08 (2001). Accordingly, police officers may make an arrest without a warrant when "there is probable cause to believe that a criminal offense has been or is being committed." Wright v. City of Philadelphia, 409 F.3d 595, 601 (3d Cir. 2005). If an arrest is made pursuant to a warrant, that warrant must have been supported by probable cause.[5] Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000).

Probable cause is a relatively "low standard" for a

---

[5] Both parties have based their analysis of this claim on whether or not Officer Cattani had probable cause to arrest Mr. Meising for simple assault and disorderly conduct. Plaintiff has presented no evidence that Officer Cattani "recklessly disregarded the truth in his warrant application, and that a warrant application based on what [Officer Cattani] should have told the judge would have lacked probable cause" as would be necessary in order for plaintiff to succeed on his section 1983 claim if he were arrested pursuant to a warrant. Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000).

defendant to meet. Wychunas v. O'Toole, 252 F.Supp.2d 135, 142 (M.D. Pa. 2003). An officer had probable cause to arrest when "'the facts and circumstances within [the defendant's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing' that the plaintiff had violated the law." Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 790 (3d Cir. 2000) (quoting Hunter v. Bryant, 502 U.S. 224, 228 (1991)). While "[p]robable cause to arrest requires more than mere suspicion ... it does not require that the officer have evidence sufficient to prove guilt beyond a reasonable doubt." Orsatti v. N.J. State Police, 71 F.3d 480, 482-83 (3d Cir. 1995) (quoting United States v. Glasser, 750 F.2d 1197, 1205 (1984)). Moreover, a police officer is "not required to undertake an exhaustive investigation in order to validate the probable cause ... ." Merkle, 211 F.3d at 790 n.8. A credible report by a witness, or preferably the victim, can be enough to establish probable cause. See Miller v. County of Allegheny, No.05-733, 2006 WL 3332809 at *5-6 (W.D. Pa. Nov. 16, 2006) (officer had probable cause to make an arrest based on the victim's report of sexual assault by a jail guard).

Here, Officer Cattani undertook an investigation into the circumstances of the altercation. He interviewed Mr. Meising, the juvenile, and several other witnesses to the incident. Based on his investigation and a review of the circumstances by Allegheny

10

County District Attorney personnel, Officer Cattani executed a probable cause affidavit as to Mr. Meising, which was signed by a magisterial district judge.[6] The affidavit, contrary to Mr. Meising's allegations, provided an objective summary of Officer Cattani's investigation, including the exculpatory facts that the juvenile pushed Mr. Meising and that the juvenile threatened to kill Mr. Meising. Accordingly, we find that Officer Cattani had probable cause to arrest Mr. Meising. Thus, we will grant summary judgment for defendant Officer Cattani on plaintiff's claim involving false arrest under the Fourth Amendment.

Additionally, even if Officer Cattani did not have probable cause to arrest Mr. Meising in connection with the September 21, 2006 altercation, we would still grant summary in his favor on the basis of qualified immunity.

Police officers are entitled to qualified immunity "if a reasonable officer could have believed that probable cause existed" to arrest the plaintiff "in light of clearly established law and the information the [arresting] officers possessed." Blaylock v. City of Philadelphia, 504 F.3d 405, 411 (3d Cir. 2007) (quoting Hunter, 502 U.S. at 228-29) (internal quotation marks omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those

---

[6] We note that the juvenile involved in the altercation was also charged for disorderly conduct.

11

who knowingly violate the law." Hunter, 502 U.S. at 229; Orsatti, 71 F.3d at 483.

As discussed, supra, it was reasonable for Officer Cattani to conclude that there was probable cause to arrest Mr. Meising for simple assault and disorderly conduct based on his conversations with Mr. Meising, the juvenile, and several other witnesses to the incident. Additionally, the affidavit of probable cause was approved by a magisterial district judge. Therefore, Officer Cattani is entitled to qualified immunity on Mr. Meising's wrongful arrest claim.

### C. False Arrest and Malicious Prosecution

Plaintiff's state law claims of false arrest and malicious prosecution also stem from the same September 21, 2006 altercation and subsequent arrest.

Under Pennsylvania law, the absence of probable cause is an element necessary for both false arrest and malicious prosecution. See Renk v. City of Pittsburgh, 641 A.2d 289, 293 (Pa. 1994) (stating that "[a]n arrest based upon probable cause would be justified, regardless of whether the individual arrested was guilty or not"); Strickland v. Univ. of Scranton, 700 A.2d 979, 984 (Pa. Super. 1997) (stating that "[a] showing of probable cause to institute proceedings against a plaintiff establishes an absolute defense against an action for malicious prosecution ...").

12

Because we have already concluded that Officer Cattani had probable cause to arrest plaintiff, plaintiff's claims under state law for false arrest and malicious prosecution no longer stand.

IV. CONCLUSION

For the foregoing reasons, defendants' motion for summary judgment [doc. no. 29] will be denied as to plaintiffs' Fourth Amendment unlawful entry claims and granted as to plaintiff's Fourth Amendment unlawful arrest claims and state law claims for false arrest and malicious prosecution. An appropriate order follows.

BY THE COURT:

_____, J.

cc: All Counsel of Record

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TOM MEISING and KAREN MEISING,　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiffs,　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　　) Civil Action No. 07-0534
　　　　　　　　　　　　　　　　　　　)
THE BOROUGH OF OAKMONT,　　　　　　　)
COUNCIL, OFFICER JACK EATON　　　　　)
and OFFICER JOE CATTANI, and　　　　 )
ROGER DUNLAP,　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　　 )

## ORDER

AND NOW, this 29th day of September, 2008, IT IS HEREBY ORDERED that defendants' motion for summary judgment [doc. no. 29] is DENIED as to plaintiffs' Fourth Amendment unlawful entry claims and GRANTED as to plaintiff's Fourth Amendment unlawful arrest claims and state law claims for false arrest and malicious prosecution.

BY THE COURT:

/s/ Lancaster, J.

cc: All Counsel of Record